IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-21,005-02






EX PARTE LESTER LEROY BOWER, JR.









ON APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR
STAY OF EXECUTION FROM CAUSE NOS. 33426, 33427, 33428, AND 33429

IN THE 15TH JUDICIAL DISTRICT COURT

GRAYSON COUNTY




 Per Curiam. 


O R D E R



 We have before this Court a subsequent application for writ of habeas corpus filed
pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a
motion for stay of execution.

 In April 1984, a jury found applicant guilty of four counts of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment in each case at death. 
This Court affirmed applicant's convictions and sentences on direct appeal. Bower v. State,
769 S.W.2d 887 (Tex. Crim. App. 1989). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on October 2, 1989, pursuant
to Article 11.07 then in effect. The application challenged all four convictions and sentences. 
This Court filed and set each case and ultimately denied applicant relief. Ex parte Bower,
823 S.W.2d 284 (Tex Crim. App. 1991). Applicant then sought habeas relief in the federal
district court. The district court conducted an evidentiary hearing in June 2000 and
ultimately denied relief in a series of opinions issued in 2002-2004. The Fifth Circuit
affirmed the district court's decision on September 18, 2007, and the United States Supreme
Court denied applicant's petition for writ of certiorari on April 21, 2008. The instant
application attacking all four convictions and sentences was received in this Court on June
25, 2008, along with applicant's motion to stay his execution. (1) 

 Applicant raises four issues in his application: (1) actual innocence based upon newly
discovered evidence, (2) Brady violations, (3) a claim that the statute operated
unconstitutionally because his jury did not have a vehicle to properly consider mitigating
evidence, and (4) a claim that executing him after twenty-four years on death row amounts
to cruel and unusual punishment. Before this Court had the opportunity to rule on whether
any of these claims met the dictates of Article 11.071, § 5, we received a copy of the trial
court's order of July 1, 2008, withdrawing the execution date "until after the petitioner has
received a determination on his Motion For Forensic Testing and Application For Writ of
Habeas Corpus." 

 If the trial court denies forensic testing, then the applicant may choose to appeal that
decision to this Court. If the trial court grants testing, then the results of that testing may or
may not impact the claims applicant has raised in his writ or he may choose to file an
additional writ. Because the resolution of the proceedings below may result in piecemeal
litigation or may affect the substance of the claims currently before us, we will refrain from
acting on the current writ application until the results of that litigation are complete. 
Applicant is instructed to inform this Court of the decision of the trial court with regard to
whether testing will be allowed, and, if testing is allowed, of any further action taken by the
trial court in this case. 

 IT IS SO ORDERED THIS THE 21ST DAY OF JULY, 2008.


Do Not Publish


1. Because applicant had previously filed an application under Article 11.07, and
because this Court had denied relief on that application prior to September 1, 1995, when
Article 11.071 became effective, applicant was not entitled to file an initial application
under Article 11.071. By the terms of the statute, this application is to be considered a
subsequent application which must meet the dictates of Article 11.071 § 5 before the
merits may be addressed by any court.